

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable S. L. West
County Auditor
Van Zandt County
Canton, Texas

Dear Sir:

Opinion No. O-4413
Re: Under the facts set forth,
may the one hundred thousand
dollars, or any portion
thereof, from the bond issue
described be invested in
United States Defense Bonds?

Your letter of February 10, 1942, requesting the opinion of this department on the above stated question, reads as follows:

"Several months ago road district No. 8 located in Van Zandt County voted a hundred thousand dollar bond issue to build certain designated roads in cooperation with the Works Progress Administration. The Works Progress Administration states that it will be impossible to start roads within the next six or eight months. All tax payers in the road district were notified thru their local papers and their schools and a mass meeting was had to determine what should be done.

"It was agreed between the tax payers, engineers and Works Progress Administration officials that some fifty thousand dollars of this amount would not be needed for a period of some two years. The tax payers and Commissioners Court desires to invest all the one hundred thousand dollars in defense bonds until needed by said road district.

"please, give us your opinion immediately on this emergency that now confronts us."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Article 752a, Vernon's Annotated Civil Statutes, provides that a road district may be created and "is hereby authorized to issue bonds for the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof."

Article 752, Vernon's Annotated Civil Statutes reads in part:

"The election order and notice of the election shall state the purpose for which the bonds are to be issued, the amount thereof, the rate of interest, etc."

Article 752j, Vernon's Annotated Civil Statutes, provides that said bonds shall be sold to the highest bidder for cash, "and the purchase money therefor shall be placed in the county treasury of such county to be paid to the available road fund of such county, of such political subdivision or road district, of such county as the case may be."

Article 752o reads as follows:

"The county treasurer is custodian of all funds collected by virtue of this law and shall deposit them with the county depository in the same manner as county funds are deposited. It shall be the duty of the county treasurer to properly pay the interest and principal as it becomes due on such bonds out of the funds collected and deposited for that purpose."

Article 752p, Vernon's Annotated Civil Statutes, reads as follows:

"The purchase money for such county bonds shall be paid out of the county treasury upon warrant drawn on the available road fund, issued by the county clerk, countersigned by the county judge, issued upon certified accounts approved by the commissioners' court of the county and the purchase money for such bonds issued on the face and credit of political subdivision or road district shall be paid out of the county treasury upon warrants drawn on the available road fund thereof, issued by the county clerk, countersigned by the county judge and approved by the commissioners' court."

Article 752u and Article 752v, Vernon's Annotated Civil Statutes define the powers of the commissioners' court in awarding contracts for work to be paid out of the said bond money.

Article 779, Vernon's Annotated Civil Statutes, provides in part:

"The commissioners' court may invest sinking funds accumulated for the redemption and payment of any bond issued by such county, political subdivision or defined district thereof, in bonds of United States, of Texas, or any county of this State. . . . No such bonds shall be purchased which according to their terms mature at a date subsequent to the time the maturity of the bonds for the payment of which such sinking fund was created."

Article 752q, Vernon's Annotated Civil Statutes, provides:

"The expense incurred in surveying the boundaries of the political subdivision or road district, and other expenses incident to the issuance of bonds of such subdivision or district shall be paid from the proceeds of the sale of the bonds of the subdivision or district issuing the same."

We have carefully considered the statutes above mentioned together with other statutes contained in Chapter III, Title 22, Vernon's Annotated Civil Statutes, relative to county and municipal bonds, etc. In view of the above mentioned statutes, it is our opinion that the commissioners' court or any other authority does not have any legal authority or power to expend any portion of the principal raised from such bond sale for any purpose other than for the purpose set out in the election order and those expenses authorized by Article 752q, supra. Therefore, we answer the above stated question in the negative. It is our further opinion that the commissioners' court could invest any surplus that might be accumulated in the sinking fund in such defense bonds in compliance with the provisions of Article 779, supra.

APPROVED FEB 18 1942

F. 
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:db



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN